DLD-111                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3470
_____

BROOKS TERRELL, Appellant

v.

LT. BENFER; LT. FLEMMINS;
C.O. CHUCK ANDERSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4-08-cv-01248)
District Judge:  Honorable James F. McClure
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed: May 24, 2011)
_____

OPINION
_____

PER CURIAM

        Brooks Terrell, a federal prisoner, proceeding pro se, appeals from the District

Court's grant of summary judgment.  Because the appeal presents no substantial question,

1

we will summarily affirm.

## I.

Terrell filed a civil rights complaint on June 29, 2008.[1] He alleged that while he was confined at USP Lewisburg, the defendants—guards at that prison—had loudly proclaimed that he was a rapist and later moved him into a solitary confinement cell already occupied by another inmate. Because that inmate believed him to be a rapist, he beat Terrell, tied him up, and held him hostage for several hours.

The defendants moved for summary judgment, citing a concession in Terrell's complaint that he had failed to exhaust administrative remedies.[2] Terrell responded, claiming that prior to filing the instant complaint he had filed two BP-8 Informal Resolution Attempts ("BP-8s") regarding the conduct at issue. Terrell attached two letters that he claimed reflected the dispositions of his BP-8s. Plaintiff's Mot. for Cross Summ. J., Dec. 16, 2008, ECF No. 21 at 3. These letters were both dated June 3, 2008, informed him that his allegations had been forwarded to the S.I.S. Office[3] for review, and

---

[1] Terrell's complaint was docketed by the court on July 1, 2008. However because Terrell is a prisoner and thus receives the benefit of the "prison mailbox rule" we use the date he signed his complaint, June 29, 2008. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] The defendants also noted a grievance Terrell had attempted to file directly to the Northeast Regional Office of the Bureau of Prisons as "sensitive"; however, they were unable to produce this grievance. Terrell claimed that it was unrelated to the instant complaint, and instead pertained to a separate lawsuit, Terrell v. Passaniti, No. 4:08-cv-1311, 2009 WL 3806254 (M.D. Pa. Nov. 10, 2009).

[3] Although Terrell did not provide the full name of this office, we note that this acronym refers to the "Special Investigative Supervisor." FLRA v. U.S. DOJ, 395 F.3d 845, 846

2

directed "any further questions or concerns about this BP-8 should be directed towards this Office." Terrell Aff. at 1, Nov. 17, 2008, ECF No. 21.

In its October 22, 2009 Memorandum and Order, the District Court concluded that there was a genuine issue of material fact as to whether the Bureau of Prisons' formal grievance process was available to Terrell. The District Court construed 28 C.F.R. § 542.13(a) to require that prisoners await resolution of their informal attempts prior to filing a formal administrative grievance. Because nothing in the record indicated that Terrell's BP-8s had been resolved, the Court held that the formal grievance process may not have been available to Terrell in this instance.

The defendants moved to reconsider, and the District Court reversed course. Because the letters Terrell received in response to his BP-8s did not state that he was prohibited from filing a formal grievance, the District Court held that the process was available to him and was never exhausted. The Court accordingly concluded that there was no genuine issue of material fact as to exhaustion and granted the defendants' motion for summary judgment. Terrell timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. If no substantial question is presented by this appeal, we may summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; IOP 10.6 We may affirm based on any ground

---

(8th Cir. 2005). The S.I.S. Office is responsible for investigations into potential disciplinary actions against Bureau of Prisons personnel. Id.

supported by the record.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We exercise plenary review over the District Court's order granting summary judgment.

See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004).[4]

Under the Prison Litigation Reform Act (the "PLRA"), a prisoner is required to

pursue all avenues of relief available within the prison's grievance system before

bringing a federal civil rights action concerning prison conditions.  See 42 U.S.C. §

1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner must exhaust even if

the prison grievance system cannot provide the precise relief sought by the prisoner, such

as money damages.  Booth, 532 U.S. at 741. The "exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong."  Porter v.

Nussle, 534 U.S. 516, 532 (2002).  The purpose of the PLRA is to eliminate unwarranted

federal-court interference with the administration of prisons, and it "thus seeks to afford

corrections officials time and opportunity to address complaints internally before

allowing the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006)

(internal quotation omitted).

---

[4] Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c)(2) (We cite to Rule 56 as it appeared before its December 1, 2010 amendment.  The amendment has no effect on this appeal);[4] Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).  We review the District Court's grant of a motion to reconsider for abuse of discretion.  Caver v. City of Trenton, 420 F.3d 243, 257-58 (3d Cir. 2005).

4

The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. In order to exhaust an appeal under the administrative remedy process, an inmate must first present his complaints to prison staff informally. See 28 C.F.R. § 542.13. Although the policies governing the S.I.S. Office to which Terrell's complaint had been forwarded are not public, see FLRA v. U.S. DOJ, 395 F.3d 845, 850 (8th Cir. 2005) (noting that the S.I.S. manual is "limited use, highly sensitive"), the BOP program statement governing internal investigations generally contemplates lengthy investigations of staff misconduct. Federal Bureau of Prisons, Program Statement No. 1210.24 at (9)(e) (May 20, 2003) (mandating investigation status updates every 60 days for investigations lasting longer than 60 days).

Terrell's argument that he should be excused from the exhaustion requirement is unpersuasive. Even assuming *arguendo* that the responses to Terrell's BP-8s misled him into believing that the formal administrative processes was unavailable, his claims were still unexhausted. The letters Terrell received clearly indicate that his claims had been transferred to another office for review—rather than reflecting the *disposition* of his claims, the letters demonstrated that his claims were *pending*. At the time Terrell filed his federal complaint, only four weeks had passed since his complaint's referral for investigation of staff misconduct—well short of a reasonable period for the S.I.S. Office to conduct a robust investigation of such serious allegations. Accordingly, his filing of a civil rights complaint in federal court was premature. 42 U.S.C. § 1997e(a).

5

Terrell fares no better even if he reasonably thought that inactivity by the S.I.S. Office was tantamount to denial of his BP-8. See 28 C.F.R. § 542.18 ("if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). If his informal grievance had been denied, Terrell would have been obligated to turn to the *formal* grievance process available to federal prisoners. Completion of that entire process, prior to filing in federal court, is necessary for exhaustion. [5]

Accordingly, regardless of whether he believed that an S.I.S. Office investigation was ongoing or had been completed in silence, Terrell failed to exhaust the administrative processes made available by the BOP. We therefore agree with the District Court's view on reconsideration that summary judgment was appropriate because there was no genuine issue of material fact as to Terrell's failure to exhaust administrative remedies. The District Court did not abuse its discretion by granting the defendants' motion to reconsider to correct its earlier judgment. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). There being no substantial question presented by Terrell's appeal, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; IOP 10.6.

---

[5] We note also that any delays that may be caused by an informal investigation present no barrier to timely pursuing a formal administrative grievance. Under 28 C.F.R. § 542.14(b), the deadline for the filing of an administrative remedy request may be extended in case of an unusually long period taken for informal resolution attempts.